Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000216
10-MAR-2017
08:07 AM

NO. CAAP-16-0000216

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSHUA VASCONCELLOS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DTC-15-042768)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Joshua Vasconcellos (Vasconcellos) appeals from a Judgment and Notice of Entry of Judgment (Judgment),[1] entered by the District Court of the Third Circuit, Kona Division (District Court), on February 26, 2016.  The District Court convicted Vasconcellos of one count of Inattention to Driving, in violation of Hawaii Revised Statutes (HRS) § 291-12 (Supp. 2015).[2]

Vasconcellos argues that the District Court wrongly convicted him after (1) failing to provide him with the advisement concerning alien status, or "immigration advisement,"

---

[1]    The Honorable Margaret K. Masunaga presided.

[2]    HRS § 291-12 provides:

Whoever operates any vehicle without due care or in a manner as to cause a collision with, or injury or damage to, as the case may be, any person, vehicle or other property shall be fined not more than $500 or imprisoned not more than thirty days, or both, and may be subject to a surcharge of up to $100 which shall be deposited into the trauma system special fund.

in violation of HRS § 802E-2 (2014)[3]; (2) admitting into evidence his statements to Officer Pa without a sufficient foundation because Plaintiff-Appellee State of Hawai'i (State) failed to demonstrate that his statements were voluntary; and (3) wrongly admitting into evidence the traffic citation (Citation) issued to him by Officer Pa, which was irrelevant and inadmissible hearsay.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Vasconcellos's points of error as follows, and affirm.

1. **The District Court's error in failing to provide Vasconcellos with the immigration advisement required by HRS § 802E-2 was harmless beyond a reasonable doubt.**

Although the State concedes that the court erred by failing to provide Vasconcellos with the immigration advisement

---

[3] HRS § 802E-2 provides:

Prior to the commencement of trial, entry of a plea of guilty or nolo contendere, or admission of guilt or sufficient facts to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

If you are not a citizen of the United States, whether or not you have lawful immigration status, you have the right to receive advice from your attorney about the specific impact that this case will have, if any, on your immigration status. The entry of a guilty or nolo contendere plea, admission of guilt or sufficient facts, or conviction, deferred judgment, or deferred sentence may have the consequences of your immediate detention, deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. In some cases, detention and deportation from the United States will be required. Your lawyer must investigate and advise you about these issues prior to the commencement of trial, entry of a guilty plea or nolo contendere [plea], or admission of guilt or sufficient facts to any offense punishable as a crime under state law, other than those offenses designated as infractions. You are not required to disclose your immigration or citizenship to the court.

Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section.

(Brackets in original.)

and agrees that the Judgment must be vacated, "appellate courts have an independent duty 'first to ascertain that the confession of error is supported by the record and well-founded in law and second to determine that such error is properly preserved and prejudicial.'" State v. Veikoso, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003) (citing to State v. Hoang, 93 Hawaiʻi 333, 336, 3 P.3d 499, 502 (2000). In other words, the State's concession of error "is not binding upon an appellate court[.]" Hoang, 93 Hawaiʻi at 336, 3 P.3d at 502 (quoting Territory v. Kogami, 37 Haw. 174, 175 (Haw. Terr. 1945)) (internal quotation marks omitted).

The plain language of HRS § 802E-2 obligates the trial court to provide the immigration advisement "[p]rior to the commencement of trial, entry of a plea of guilty or nolo contendere, or admission of guilt or sufficient facts to any offense punishable as a crime under state law." See § 802E-2. See also Rule 11(d) of the Hawaiʻi Rules of Penal Procedure ("Prior to entry of a plea of guilty or no contest, or admission of guilt or sufficient facts to any offense punishable as a crime under state law, except those offenses designated as infractions, the court shall read the advisement in § 802E-2, Hawaiʻi Revised Statutes, on the record to the defendant."). Thus, the District Court was required to provide the advisement to Vasconcellos.

Nevertheless, Vasconcellos fails to show this court where he preserved this error nor has he provided us a complete record with the transcripts of all court appearances prior to trial. Moreover, the District Court's erroneous failure to provide the advisement was harmless beyond a reasonable doubt[4] because Vasconcellos has not argued that the error may result in any adverse immigration consequences to him and, thus, has failed to show he suffered any prejudice. See Bartholomew v. State,

---

[4] We note that HRS § 802E-3 (2014) -- which provides that when the trial court fails to give the required immigration advisement set forth in § 802E-2, the court must vacate the judgment on motion by the defendant in cases where the defendant pled guilty or nolo contendere and where the defendant shows that the conviction may result in certain immigration consequences for the defendant -- does not apply here where Vasconcellos did not plead guilty or no contest and has not shown that his conviction may result in any adverse immigration consequences to him.

129 Hawai'i 427, 301 P.3d 1268, No. CAAP-11-0000622 2013 WL 2301500 at *2 (App. May 24, 2013) (SDO) (the Second Circuit District Court's failure to complete the required immigration colloquy was harmless where Bartholomew claimed to be a U.S. citizen and did not contend that any of the excluded information was relevant to him).

    2.   The admission of Vasconcellos's statements to Officer Pa was proper.

    Vasconcellos argues that the District Court erred in admitting his statement to Officer Pa because the State failed to show that the statement was voluntarily made.  We disagree.

    The State presented testimony regarding the circumstances leading to Vasconcellos's statement:  That upon arriving at the scene of an automobile accident, Officer Pa approached Vasconcellos, who was standing outside one of the vehicles, and asked him if he were involved.  Upon Vasconcellos's voluntariness objection and voir dire of Officer Pa, the District Court allowed the state to elicit Vasconcellos's statement from Officer Pa.  Given the context of these proceedings, it appears that the District Court made an implicit determination that the statement was voluntarily given.  State v. Ackerman, 128 Hawai'i 312, 288 P.3d 130, No. 29469 2012 WL 5199176 at *2 (App. Oct. 22, 2012) (SDO) (this court held the failure to make an explicit finding of voluntariness was harmless where the record showed statements were made voluntarily).  State v. Filoteo, 125 Hawai'i 240, 257 P.3d 253, No. 29921 2011 WL 2126149 at *4 (App. May 25, 2011) (SDO) (this court concluded the family court had implicitly found statements to be voluntary).

    On this record, we see no circumstances which suggest Vasconcellos's statement was coerced.  See State v. Wyatt, 67 Haw. 293, 300, 687 P.2d 554, 550 (1984) ("[W]hat transpired here may be more aptly described as on-the-scene questioning of brief duration conducted prior to arrest in public view. . . . for nothing in the record suggests . . . the interrogation was of a nature likely to subjugate the defendant to the will of her examiner.")  We conclude the District Court did not err in admitting Vasconcellos's statement into evidence.

3. **The District Court did not plainly err by admitting the Citation into evidence.**

a. **The Citation was relevant.** Officer Pa could not positively identify Vasconcellos at trial. Vasconcellos's signature on the Citation provided evidence that Vasconcellos received the Citation, making it more probable that Vasconcellos was the person who committed the offense. Rule 401 of the Hawai'i Rules of Evidence (HRE).

b. **The Citation was not hearsay.** The State offered the Citation to show that Vasconcellos received the Citation, not to prove the truth of any matter asserted therein. See HRE Rule 801 (defining "hearsay").

In any event, as Vasconcellos testified at trial that he was the driver who "bumped into the van" because he was looking at his temperature gauge, any error in admitting the Citation into evidence is not plain error but harmless beyond a reasonable doubt.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered in the District Court of the Third Circuit, Kona Division on February 26, 2016, is affirmed.

DATED: Honolulu, Hawai'i, March 10, 2017.

On the briefs:

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellant.

Charles E. Murray, III
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge